MICHAEL R. SCOLNICK (MS9984)
**Michael R. Scolnick, P.C.**
175 Burrows Lane
Blauvelt, New York 10913
Telephone: 845-354-9339
Fax: 845-365-1506
*Attorneys for the Plaintiff*

**08 CIV. 0079**
**JUDGE CONNER**

# United States District Court

**Southern District of New York**

FRED LOCKLARY

Plaintiff,

-against-

TOWN OF NEW WINDSOR, MICHAEL C. BIASOTTI,
Chief of Police of the Town of New Windsor Police
Department, POLICE OFFICER STEPHEN L. BEREAN
(Shield #132) and POLICE OFFICER JOHN A. MARTIN
(Shield #124),

Defendants.

PLAINTIFF DEMANDS A
TRIAL BY JURY

Civil Action
No_____
COMPLAINT FOR
DAMAGES-
False Arrest; Malicious
Prosecution; Assault; Battery
42 U.S.C. 1981,1983, 1985

## PRELIMINARY STATEMENT

1.      This is an action for monetary damages against TOWN OF NEW WINDSOR (hereinafter,

TOWN), including compensatory and punitive damages against CHIEF MICHAEL C.

BIASOTTI (hereinafter, BIASOTTI), individually and as a supervisory employee of

defendant TOWN, P.O. STEPHEN L. BEREAN (Shield #132), (hereinafter, BEREAN),

and P.O. JOHN A. MARTIN (Shield #124), (hereinafter, MARTIN), police officers of

defendant TOWN, being the police officers and/or supervisors who participated in the arrest,

detention and prosecution of plaintiff, arising out of the false arrest, malicious prosecution,

-1-



assault, battery, filing of false reports and rendering of false and fraudulent testimony regarding, and false imprisonment of, plaintiff, FRED LOCKLARY.

2.    On August 17, 2005 at approximately 10:50 p.m., defendants BEREAN and MARTIN, officers of the New Windsor Police Department and employees of defendant TOWN, and as agents, servants and/or employees of defendant TOWN, individually, and BIASOTTI, as a supervisory employee of defendant TOWN, and as an agent, servant and/or employee of defendant TOWN, acting in concert, under color of state laws, intentionally and wilfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment, detention, assault, battery, filing of false reports and rendering of false and fraudulent testimony, and malicious prosecution for acts of which plaintiff was innocent.

## JURISDICTION

3.    This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. Sections 1981, 1983 and 1985, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4.    Venue is laid within the United States District Court for the Southern District of New York in that the defendant TOWN is located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5.    Plaintiff FRED LOCKLARY was and is a citizen of the United States and at all times relevant hereto resided in the County of Orange, and State of New York.

6.    Defendant TOWN was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

7.    The New Windsor Police Department was at all times relevant hereto, a subdivision, department or agency of Defendant TOWN.

8.    The defendant officers, BEREAN, MARTIN and BIASOTTI, were, at all times relevant hereto, agents, servants and/or employees of Defendant TOWN, duly appointed and acting as police officers and/or supervisors in the New Windsor Police Department, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

9.    Defendant BIASOTTI, is and was, at all times relevant hereto, a supervisory employee of, and an agent, servant and/or employee of Defendant TOWN, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties. BIASOTTI is sued individually and in his supervisory capacity.

10.   At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant TOWN and the State of New York.

## NOTICE OF CLAIM

11.   Within 90 days following the successful termination of the prosecution of plaintiff arising from this incident, plaintiff filed written Notice of Claim with Defendant TOWN. This

-3-

matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12.　On August 1, 2005, defendant FRED LOCKLARY, along with one Michael Greene, was lawfully a passenger in a vehicle driven by one Marlo McDonald.

13.　Marlo McDonald drove LOCKLARY and Greene to a premises known as and located at 62 Union Avenue, in the Town of New Windsor, New York, arriving at approximately 10:45 p.m., when she parked the car and walked to a nearby convenience store.

14.　Plaintiff LOCKLARY and Greene exited the vehicle at the same time and were on the porch of the premises at 62 Union Avenue, New Windsor, New York.

15.　At approximately 10:50 p.m. defendant BEREAN came to 62 Union Avenue in New Windsor, demanding to know from Plaintiff LOCKLARY and from Mr. Greene the identity of the driver of the vehicle.

16.　Plaintiff LOCKLARY and Mr. Greene denied that either had operated the vehicle, explaining that the female driver had walked to the store.

17.　Defendant BEREAN at this time called for back up. Defendant MARTIN arrived.

18.　Defendant MARTIN interrogated passenger Michael Greene, who continued to insist that neither man was the driver.

19.　Defendant MARTIN, in the course of his interrogation of Greene, wrongfully, improperly and maliciously threatened Greene with a sentence of a year in jail if he didn't sign a statement implicating LOCKLARY as the driver of the McDonald vehicle hereinabove mentioned.

20.　Defendant MARTIN wrongfully, improperly and maliciously wrote, and demanded that

Greene sign, a statement allegedly naming Plaintiff as the driver of the McDonald vehicle hereinabove mentioned.

21. Michael Greene, who was illiterate, could not read or understand the statement defendant MARTIN wrote and demanded that he sign, but out of fear of defendant MARTIN, and on account of the threats made to him by defendant MARTIN, Greene signed that statement.

22. Shortly after he signed that statement, Greene recanted it, in writing. A copy of that writing is annexed hereto as Exhibit A.

23. Defendant BEREAN at this time performed a field sobriety test on plaintiff LOCKLARY.

24. Defendants BEREAN and MARTIN, acting in concert, then and there shackled and arrested Plaintiff FRED LOCKLARY, and transported him to the Town of New Windsor Police Station, where they charged him with: Driving While Intoxicated in the First Degree, Operation of Motor Vehicle with a Blood Alcohol Content of .08% or more, Aggravated Unlicensed Operation of a Motor Vehicle, Passing a Red light, and operating a vehicle without financial security, crimes and violations which had nothing to do with the plaintiff.

25. On August 17, 2005, at approximately 10:50 p.m., at or in the vicinity of 62 Union Avenue, New Windsor, New York, as hereinabove alleged, plaintiff FRED LOCKLARY was knowingly and maliciously, wrongfully and unlawfully, stopped, detained and arrested by Defendants BEREAN and MARTIN, employees of defendant TOWN, who were without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to arrest, the plaintiff.

26. Upon information and belief, defendants BEREAN and MARTIN, employees of defendant TOWN, wrongfully, improperly, knowingly, fraudulent, intentionally and maliciously,

stopped, detained and arrested plaintiff FRED LOCKLARY in regard to a crime which had nothing to do with him.

27.    Upon information and belief, defendants BEREAN and MARTIN, employees of defendant TOWN, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, and arrested plaintiff FRED LOCKLARY when it was not right, just, lawful, proper, or necessary to do so.

28.    Upon information and belief, and without proof that plaintiff FRED LOCKLARY was in any way connected or related to a crime, or in fact, that any crime was, in fact, committed, and without reasonable suspicion to stop plaintiff, nor probable cause to detain or arrest him, defendant TOWN's employees, including defendants BEREAN and MARTIN, individually and acting in concert, knowingly, unlawfully and wrongfully compelled Michael Greene to sign a false and fabricated statement that plaintiff was the driver of the vehicle; they fabricated charges against the plaintiff and set them forth in a false and fabricated criminal complaint, falsely sworn to by defendant BEREAN on August 18, 2005. A copy of the false and fraudulent complaint is annexed hereto as Exhibit B, and is made a part hereof with the same force and effect as if it were fully set forth here at length.

29.    The criminal complaint, Exhibit B, was and is false and fraudulent in alleging that plaintiff FRED LOCKLARY committed Driving While Intoxicated in the 1st Degree, Operation of a Motor Vehicle with Blood Alcohol Content of 1%, Aggravated Unlicenced Operation of a Motor Vehicle, Passing a Red light, operating without financial security, and in alleging the facts therein set forth alleged to constitute those charges, all to the prior knowledge of defendants.

-6-

30.    Based upon the false criminal complaint prepared, upon information and belief, by the defendant employees, and signed by defendant BEREAN, the Town of New Windsor Justice Court arraigned plaintiff FRED LOCKLARY on the above charges.

31.    On August 17, 2005, employees of defendant TOWN, including BEREAN and MARTIN, acting in concert, maliciously and with intent to injure plaintiff FRED LOCKLARY, and without just cause or any right to do so, handcuffed him and jailed and detained him there and restrained him of his liberty, against the will of the plaintiff.

32.    At no time did the plaintiff offer resistance as the defendants BEREAN and MARTIN arrested him.

33.    The arrest of the plaintiff by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

34.    Defendants acted maliciously and intentionally.

35.    Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined in a facility of Defendant TOWN.

36.    Eventually, the plaintiff was released from such confinement and detention.

37.    Thereafter the plaintiff was forced to return to court on multiple occasions, over a period of about 1 year, 8 months and eleven days, appearing in public, and before the public, as a defendant, a person accused of criminal acts, acts of which the plaintiff was not guilty, incurring, in the process, substantial legal fees in his defense.

38.    On March 22, 2007, a probable cause hearing was held in the Justice Court of the Town of New Windsor, in regard to the prosecution of the plaintiff hereinabove mentioned.

- 7 -

39.   Following that hearing the charges against plaintiff FRED LOCKLARY were disposed of

in his favor, by being dismissed, on April 26, 2007 in the New Windsor Justice Court.

40.   As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and

permanent damages including, but not limited to:

a.   Violation of his constitutional rights under the Fourth and Fourteenth Amendments

to the United States Constitution to be free from an unreasonable search and seizure

of his person,

b.   Embarrassment,

c.   Humiliation,

d.   Health complications,

e.   Financial loss, including subsantial legal fees,

f.   Loss of weight,

g.   Emotional distress and

h.   Mental anguish.

41.   The actions of the individual defendants violated the following clearly established and well

settled federal constitutional rights of plaintiff:

a.   Freedom from the unreasonable seizure of his person.

b.   Freedom from false and malicious fabrication of criminal charges.

c.   Freedom from the use of excessive and unnecessary force upon his person.

**FIRST COUNT**
**(42 U.S.C. SECTIONS 1981, 1983 and 1985**
**AGAINST INDIVIDUAL DEFENDANTS)**

42.   Paragraphs 1 through 41 are incorporated herein by reference.

43.   Defendants, acting in concert and under the color of state law, and at least in part from racial
motivations, have deprived plaintiff FRED LOCKLARY of his civil, constitutional and
statutory rights and have conspired to deprive him of such rights and are liable to plaintiff
under 42 U.S.C. Sections 1981, 1983 and 1985.

44.   As a result, plaintiff FRED LOCKLARY claims damages for the injuries set forth above.

## SECOND COUNT
### (ASSAULT AGAINST INDIVIDUAL DEFENDANTS)

45.   Paragraphs 1 through 44 are incorporated herein by reference.

46.   Upon approaching plaintiff FRED LOCKLARY and handcuffing and arresting him,
defendants BEREAN and MARTIN, acting in concert, made plaintiff fear for his physical
well-being and safety and placed him in apprehension of immediate harmful and/or
offensive touching.

47.   As a result of that assault, plaintiff FRED LOCKLARY claims damages for the injuries
set forth above.

## SECOND COUNT
### (BATTERY)

48.   Paragraphs 1 through 44 are incorporated herein by reference.

49.   Defendants BEREAN and MARTIN, acting in concert, placed hands on plaintiff FRED
LOCKLARY and handcuffed him.

50.   As a result of the battery, plaintiff FRED LOCKLARY claims damages for the injuries

set forth above.

## THIRD COUNT
## (MALICIOUS PROSECUTION
## AGAINST INDIVIDUAL DEFENDANTS)

51.    Paragraphs 1 through 50 are incorporated herein by reference.

52.    The individual defendants, acting in concert, knowingly, intentionally, and maliciously

coerced and compelled Michael Greene to execute a false and fraudulent statement alleging

that plaintiff drove the subject vehicle, when it was not true, and caused a false criminal

accusatory instrument to be filed against plaintiff FRED LOCKLARY, and knowingly,

maliciously and wilfully continued in the prosecution of those false and fraudulent charges,

with defendant BEREAN testifying falsely under oath as to those charges.

53.    As a result of the malicious prosecution implemented by the individual defendants plaintiff

FRED LOCKLARY claims damages for the injuries set forth above.

## FOURTH COUNT
## (FALSE ARREST & IMPRISONMENT
## AGAINST INDIVIDUAL DEFENDANTS)

54.    Paragraphs 1 through 53 are incorporated herein by reference.

55.    Defendants subjected plaintiff FRED LOCKLARY to false arrest, imprisonment, and

deprivation of liberty without probable cause.

56.    As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff FRED

LOCKLARY claims damages for the injuries set forth above.

## FIFTH COUNT
### (MUNICIPAL LIABILITY AGAINST DEFENDANT
### TOWN and BIASOTTI - *RESPONDEAT SUPERIOR*)

57.   Paragraphs 1 through 56 are incorporated herein by reference.

58.   Defendants TOWN and BIASOTTI are liable for the damages suffered by the plaintiff
FRED LOCKLARY as a result of the conduct of its agents, servants and employees, under
the doctrine of *respondeat superior.*

59.   Defendant TOWN and BIASOTTI, by their agents, servants and employees, subjected
plaintiff FRED LOCKLARY to false arrest, assault, battery, false imprisonment,
malicious prosecution, embarrassment, shame and public humiliation, financial loss, health
complications, loss of weight, loss of appetite, emotional distress, and loss of employment.

60.   As a result plaintiff FRED LOCKLARY claims damages against defendants TOWN and
BIASOTTI for the injuries set forth above.

## SIXTH COUNT
### (MUNICIPAL LIABILITY AGAINST DEFENDANT
### TOWN and BIASOTTI - 42 U.S.C. §1983)

61.   Paragraphs 1 through 60 are incorporated herein by reference.

62.   Defendants TOWN and BIASOTTI knew or should have known of their employees',
agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

63.   Prior to August 17, 2005, defendant TOWN and BIASOTTI developed and maintained
policies and/or customs exhibiting deliberate indifference to the constitutional rights of
persons in the Town of New Windsor, which policies and/or customs caused the violation
of plaintiff FRED LOCKLARY's rights.

64. Upon information and belief, it was the policy and/or custom of defendant TOWN and BIASOTTI to improperly and inadequately investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by defendant Town, including, but not limited to incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

65. It was the policy and/or custom of defendants TOWN and BIASOTTI to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The TOWN and BIASOTTI did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

66. As a result of the above described policies and/or customs, police officers of the TOWN believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

67. The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the TOWN to the constitutional rights of persons within the TOWN, and were the cause of the violations of plaintiff's rights alleged herein.

68. As a result of the wrongful, deliberately indifferent and illegal acts of defendants TOWN

and BIASOTTI plaintiff FRED LOCKLARY claims damages against defendant TOWN

and BIASOTTI for the injuries set forth above.


        **WHEREFORE,** plaintiff demands judgment against the defendants, jointly and

severally for compensatory damages on each Cause of Action; for punitive damages on each Cause

of Action (except against the municipal defendant); awarding plaintiff reasonable attorney's fees,

costs and disbursements of this action; and granting such other and further relief as this Court deems

just and proper.


## JURY DEMAND

Plaintiff demands a trial by jury.

Blauvelt, New York
This 17 day of December, 2007


        **Michael R. Scolnick, P.C.**

By: _____
Michael R. Scolnick      MS9984
Attorneys for plaintiff
175 Burrows Lane,
Blauvelt, New York 10913
Phone: (845) 354-9339
Fax:(845) 365-1506
E-Mail: Scollaw@optonline.net



MICHAEL R. SCOLNICK (MS9984)
**Michael R. Scolnick, P.C.**
175 Burrows Lane
Blauvelt, New York 10913
Telephone: 845-354-9339
Fax: 845-365-1506
*Attorneys for the Plaintiff*

# United States District Court

Southern District of New York

FRED LOCKLARY

        Plaintiff,

    -against-

TOWN OF NEW WINDSOR, MICHAEL C. BIASOTTI,
Chief of Police of the Town of New Windsor Police
Department, POLICE OFFICER STEPHEN L. BEREAN
(Shield #132) and POLICE OFFICER JOHN A. MARTIN
(Shield #124),

        Defendants.



08 CIV. 0079

JUDGE CONNER

PLAINTIFF DEMANDS A
TRIAL BY JURY

Civil Action
No_____
COMPLAINT FOR
DAMAGES-
False Arrest; Malicious
Prosecution; Assault; Battery
42 U.S.C. 1981,1983, 1985

FILED

JAN 04 2008

USDC WP SDNY

## PRELIMINARY STATEMENT

1.    This is an action for monetary damages against TOWN OF NEW WINDSOR (hereinafter,

TOWN), including compensatory and punitive damages against CHIEF MICHAEL C.

BIASOTTI (hereinafter, BIASOTTI), individually and as a supervisory employee of

defendant TOWN, P.O. STEPHEN L. BEREAN (Shield #132), (hereinafter, BEREAN),

and P.O. JOHN A. MARTIN (Shield #124), (hereinafter, MARTIN), police officers of

defendant TOWN, being the police officers and/or supervisors who participated in the arrest,

detention and prosecution of plaintiff, arising out of the false arrest, malicious prosecution,

assault, battery, filing of false reports and rendering of false and fraudulent testimony regarding, and false imprisonment of, plaintiff, FRED LOCKLARY.

2.  On August 17, 2005 at approximately 10:50 p.m., defendants BEREAN and MARTIN, officers of the New Windsor Police Department and employees of defendant TOWN, and as agents, servants and/or employees of defendant TOWN, individually, and BIASOTTI, as a supervisory employee of defendant TOWN, and as an agent, servant and/or employee of defendant TOWN, acting in concert, under color of state laws, intentionally and wilfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment, detention, assault, battery, filing of false reports and rendering of false and fraudulent testimony, and malicious prosecution for acts of which plaintiff was innocent.

## JURISDICTION

3.  This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. Sections 1981, 1983 and 1985, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4.  Venue is laid within the United States District Court for the Southern District of New York in that the defendant TOWN is located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5.  Plaintiff FRED LOCKLARY was and is a citizen of the United States and at all times relevant hereto resided in the County of Orange, and State of New York.

-2-

6.    Defendant TOWN was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

7.    The New Windsor Police Department was at all times relevant hereto, a subdivision, department or agency of Defendant TOWN.

8.    The defendant officers, BEREAN, MARTIN and BIASOTTI, were, at all times relevant hereto, agents, servants and/or employees of Defendant TOWN, duly appointed and acting as police officers and/or supervisors in the New Windsor Police Department, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

9.    Defendant BIASOTTI, is and was, at all times relevant hereto, a supervisory employee of, and an agent, servant and/or employee of Defendant TOWN, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties. BIASOTTI is sued individually and in his supervisory capacity.

10.    At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant TOWN and the State of New York.

## NOTICE OF CLAIM

11.    Within 90 days following the successful termination of the prosecution of plaintiff arising from this incident, plaintiff filed written Notice of Claim with Defendant TOWN. This

-3-

matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12.  On August 1, 2005, defendant FRED LOCKLARY, along with one Michael Greene, was lawfully a passenger in a vehicle driven by one Marlo McDonald.

13.  Marlo McDonald drove LOCKLARY and Greene to a premises known as and located at 62 Union Avenue, in the Town of New Windsor, New York, arriving at approximately 10:45 p.m., when she parked the car and walked to a nearby convenience store.

14.  Plaintiff LOCKLARY and Greene exited the vehicle at the same time and were on the porch of the premises at 62 Union Avenue, New Windsor, New York.

15.  At approximately 10:50 p.m. defendant BEREAN came to 62 Union Avenue in New Windsor, demanding to know from Plaintiff LOCKLARY and from Mr. Greene the identity of the driver of the vehicle.

16.  Plaintiff LOCKLARY and Mr. Greene denied that either had operated the vehicle, explaining that the female driver had walked to the store.

17.  Defendant BEREAN at this time called for back up. Defendant MARTIN arrived.

18.  Defendant MARTIN interrogated passenger Michael Greene, who continued to insist that neither man was the driver.

19.  Defendant MARTIN, in the course of his interrogation of Greene, wrongfully, improperly and maliciously threatened Greene with a sentence of a year in jail if he didn't sign a statement implicating LOCKLARY as the driver of the McDonald vehicle hereinabove mentioned.

20.  Defendant MARTIN wrongfully, improperly and maliciously wrote, and demanded that

Greene sign, a statement allegedly naming Plaintiff as the driver of the McDonald vehicle hereinabove mentioned.

21.    Michael Greene, who was illiterate, could not read or understand the statement defendant MARTIN wrote and demanded that he sign, but out of fear of defendant MARTIN, and on account of the threats made to him by defendant MARTIN, Greene signed that statement.

22.    Shortly after he signed that statement, Greene recanted it, in writing. A copy of that writing is annexed hereto as Exhibit A.

23.    Defendant BEREAN at this time performed a field sobriety test on plaintiff LOCKLARY.

24.    Defendants BEREAN and MARTIN, acting in concert, then and there shackled and arrested Plaintiff FRED LOCKLARY, and transported him to the Town of New Windsor Police Station, where they charged him with: Driving While Intoxicated in the First Degree, Operation of Motor Vehicle with a Blood Alcohol Content of .08% or more, Aggravated Unlicensed Operation of a Motor Vehicle, Passing a Red light, and operating a vehicle without financial security, crimes and violations which had nothing to do with the plaintiff.

25.    On August 17, 2005, at approximately 10:50 p.m., at or in the vicinity of 62 Union Avenue, New Windsor, New York, as hereinabove alleged, plaintiff FRED LOCKLARY was knowingly and maliciously, wrongfully and unlawfully, stopped, detained and arrested by Defendants BEREAN and MARTIN, employees of defendant TOWN, who were without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to arrest, the plaintiff.

26.    Upon information and belief, defendants BEREAN and MARTIN, employees of defendant TOWN, wrongfully, improperly, knowingly, fraudulent, intentionally and maliciously,

-5-

stopped, detained and arrested plaintiff FRED LOCKLARY in regard to a crime which had nothing to do with him.

27. Upon information and belief, defendants BEREAN and MARTIN, employees of defendant TOWN, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, and arrested plaintiff FRED LOCKLARY when it was not right, just, lawful, proper, or necessary to do so.

28. Upon information and belief, and without proof that plaintiff FRED LOCKLARY was in any way connected or related to a crime, or in fact, that any crime was, in fact, committed, and without reasonable suspicion to stop plaintiff, nor probable cause to detain or arrest him, defendant TOWN's employees, including defendants BEREAN and MARTIN, individually and acting in concert, knowingly, unlawfully and wrongfully compelled Michael Greene to sign a false and fabricated statement that plaintiff was the driver of the vehicle; they fabricated charges against the plaintiff and set them forth in a false and fabricated criminal complaint, falsely sworn to by defendant BEREAN on August 18, 2005. A copy of the false and fraudulent complaint is annexed hereto as Exhibit B, and is made a part hereof with the same force and effect as if it were fully set forth here at length.

29. The criminal complaint, Exhibit B, was and is false and fraudulent in alleging that plaintiff FRED LOCKLARY committed Driving While Intoxicated in the 1st Degree, Operation of a Motor Vehicle with Blood Alcohol Content of 1%, Aggravated Unlicenced Operation of a Motor Vehicle, Passing a Red light, operating without financial security, and in alleging the facts therein set forth alleged to constitute those charges, all to the prior knowledge of defendants.

30. Based upon the false criminal complaint prepared, upon information and belief, by the defendant employees, and signed by defendant BEREAN, the Town of New Windsor Justice Court arraigned plaintiff FRED LOCKLARY on the above charges.

31. On August 17, 2005, employees of defendant TOWN, including BEREAN and MARTIN, acting in concert, maliciously and with intent to injure plaintiff FRED LOCKLARY, and without just cause or any right to do so, handcuffed him and jailed and detained him there and restrained him of his liberty, against the will of the plaintiff.

32. At no time did the plaintiff offer resistance as the defendants BEREAN and MARTIN arrested him.

33. The arrest of the plaintiff by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

34. Defendants acted maliciously and intentionally.

35. Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined in a facility of Defendant TOWN.

36. Eventually, the plaintiff was released from such confinement and detention.

37. Thereafter the plaintiff was forced to return to court on multiple occasions, over a period of about 1 year, 8 months and eleven days, appearing in public, and before the public, as a defendant, a person accused of criminal acts, acts of which the plaintiff was not guilty, incurring, in the process, substantial legal fees in his defense.

38. On March 22, 2007, a probable cause hearing was held in the Justice Court of the Town of New Windsor, in regard to the prosecution of the plaintiff hereinabove mentioned.

-7-

39. Following that hearing the charges against plaintiff FRED LOCKLARY were disposed of in his favor, by being dismissed, on April 26, 2007 in the New Windsor Justice Court.

40. As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person,

   b. Embarrassment,

   c. Humiliation,

   d. Health complications,

   e. Financial loss, including subsantial legal fees,

   f. Loss of weight,

   g. Emotional distress and

   h. Mental anguish.

41. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff:

   a. Freedom from the unreasonable seizure of his person.

   b. Freedom from false and malicious fabrication of criminal charges.

   c. Freedom from the use of excessive and unnecessary force upon his person.

**FIRST COUNT**
**(42 U.S.C. SECTIONS 1981, 1983 and 1985**
**AGAINST INDIVIDUAL DEFENDANTS)**

42.   Paragraphs 1 through 41 are incorporated herein by reference.

43.   Defendants, acting in concert and under the color of state law, and at least in part from racial motivations, have deprived plaintiff FRED LOCKLARY of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. Sections 1981, 1983 and 1985.

44.   As a result, plaintiff FRED LOCKLARY claims damages for the injuries set forth above.

### SECOND COUNT
### (ASSAULT AGAINST INDIVIDUAL DEFENDANTS)

45.   Paragraphs 1 through 44 are incorporated herein by reference.

46.   Upon approaching plaintiff FRED LOCKLARY and handcuffing and arresting him, defendants BEREAN and MARTIN, acting in concert, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

47.   As a result of that assault, plaintiff FRED LOCKLARY claims damages for the injuries set forth above.

### SECOND COUNT
### (BATTERY)

48.   Paragraphs 1 through 44 are incorporated herein by reference.

49.   Defendants BEREAN and MARTIN, acting in concert, placed hands on plaintiff FRED LOCKLARY and handcuffed him.

50.   As a result of the battery, plaintiff FRED LOCKLARY claims damages for the injuries

-9-

set forth above.

## THIRD COUNT
## (MALICIOUS PROSECUTION
## AGAINST INDIVIDUAL DEFENDANTS)

51.    Paragraphs 1 through 50 are incorporated herein by reference.

52.    The individual defendants, acting in concert, knowingly, intentionally, and maliciously coerced and compelled Michael Greene to execute a false and fraudulent statement alleging that plaintiff drove the subject vehicle, when it was not true, and caused a false criminal accusatory instrument to be filed against plaintiff FRED LOCKLARY, and knowingly, maliciously and wilfully continued in the prosecution of those false and fraudulent charges, with defendant BEREAN testifying falsely under oath as to those charges.

53.    As a result of the malicious prosecution implemented by the individual defendants plaintiff FRED LOCKLARY claims damages for the injuries set forth above.

## FOURTH COUNT
## (FALSE ARREST & IMPRISONMENT
## AGAINST INDIVIDUAL DEFENDANTS)

54.    Paragraphs 1 through 53 are incorporated herein by reference.

55.    Defendants subjected plaintiff FRED LOCKLARY to false arrest, imprisonment, and deprivation of liberty without probable cause.

56.    As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff FRED LOCKLARY claims damages for the injuries set forth above.

## FIFTH COUNT
## (MUNICIPAL LIABILITY AGAINST DEFENDANT
## TOWN and BIASOTTI - *RESPONDEAT SUPERIOR*)

57.    Paragraphs 1 through 56 are incorporated herein by reference.

58.    Defendants TOWN and BIASOTTI are liable for the damages suffered by the plaintiff

FRED LOCKLARY as a result of the conduct of its agents, servants and employees, under

the doctrine of *respondeat superior.*

59.    Defendant TOWN and BIASOTTI, by their agents, servants and employees, subjected

plaintiff FRED LOCKLARY to false arrest, assault, battery, false imprisonment,

malicious prosecution, embarrassment, shame and public humiliation, financial loss, health

complications, loss of weight, loss of appetite, emotional distress, and loss of employment.

60.    As a result plaintiff FRED LOCKLARY claims damages against defendants TOWN and

BIASOTTI for the injuries set forth above.


## SIXTH COUNT
## (MUNICIPAL LIABILITY AGAINST DEFENDANT
## TOWN and BIASOTTI - 42 U.S.C. §1983)

61.    Paragraphs 1 through 60 are incorporated herein by reference.

62.    Defendants TOWN and BIASOTTI knew or should have known of their employees',

agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

63.    Prior to August 17, 2005, defendant TOWN and BIASOTTI developed and maintained

policies and/or customs exhibiting deliberate indifference to the constitutional rights of

persons in the Town of New Windsor, which policies and/or customs caused the violation

of plaintiff FRED LOCKLARY's rights.

64.  Upon information and belief, it was the policy and/or custom of defendant TOWN and BIASOTTI to improperly and inadequately investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by defendant Town, including, but not limited to incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

65.  It was the policy and/or custom of defendants TOWN and BIASOTTI to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The TOWN and BIASOTTI did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

66.  As a result of the above described policies and/or customs, police officers of the TOWN believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

67.  The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the TOWN to the constitutional rights of persons within the TOWN, and were the cause of the violations of plaintiff's rights alleged herein.

68.  As a result of the wrongful, deliberately indifferent and illegal acts of defendants TOWN

and BIASOTTI plaintiff FRED LOCKLARY claims damages against defendant TOWN

and BIASOTTI for the injuries set forth above.


**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and

severally for compensatory damages on each Cause of Action; for punitive damages on each Cause

of Action (except against the municipal defendant); awarding plaintiff reasonable attorney's fees,

costs and disbursements of this action; and granting such other and further relief as this Court deems

just and proper.


## JURY DEMAND

Plaintiff demands a trial by jury.

Blauvelt, New York
This *17* day of December, 2007



**Michael R. Scolnick, P.C.**

By: _____

Michael R. Scolnick          MS9984
Attorneys for plaintiff
175 Burrows Lane,
Blauvelt, New York 10913
Phone: (845) 354-9339
Fax:(845) 365-1506
E-Mail: Scollaw@optonline.net

MIKE Green

MARK D MCDONALD

43 Bridge St

New burch    12550

Newburch NY

562 4973

**EXHIBIT A**

569-2093

3 to 5    At Home

(Driver)  , (St Lukes)

I MIKE GREEN told the New winsur police the first time they spoke to me, they asced me if I was driving the car and I told them no. They asced fred Locklay if he was driving the car and he said no also. I told them that a female that I did not know was driving for fred. That was the first time I've ever seen the young woman. when the police put fred in the police car they forced me to make a statement that fred was driving. They also told me that I could be sentenced to 1 year in jail if I didn't sign a statement against fred Locklay. I didn't want to sign the statement but I didn't want to go to jail. But fred Locklay was not driving the car.

Michael Green

Michael Green  7-15-57    2/24/06

Aug 23, 05

This 29th August
2005

*Court Date 10/13/05*

| | | |
|---|---|---|
| JUSTICE COURT | : COUNTY OF ORANGE | |
| TOWN OF NEW WINDSOR | : STATE OF NEW YORK | Case #: 05-01716 |

## ** FELONY INFO **

### THE PEOPLE OF THE STATE OF NEW YORK

- against -

FRED JR LOCKLARY (02/21/50)    1 MULLINS APT, NEWBURGH CITY NY

**Defendant**

OFFICER STEPHEN L BEREAN OF NEW WINDSOR POLICE DEPARTMENT, BEING DULY SWORN, ACCUSES THE DEFENDANT NAMED ABOVE OF THE FOLLOWING OFFENSE COMMITTED AT    RT 9W IN THE TOWN OF NEW WINDSOR, COUNTY OF ORANGE, STATE OF NEW YORK ON THE SEVENTEENTH DAY OF AUGUST 2005 AT ABOUT 10:56PM:

DWI E-FELONY (E FELONY)

IN VIOLATION OF SECTION 1192-3(E-FEL) OF THE VEHICLE AND TRAFFIC LAW OF THE STATE OF NEW YORK A PERSON IS GUILTY OF DRIVING WHILE INTOXICATED E FELONY WHEN HE OPERATES A MOTOR VEHICLE IN AN INTOXICATED CONDITION AND HAS A PRIOR CONVICTION OF DRIVING WHILE INTOXICATED WITHIN THE PRECEDING TEN YEARS TO WIT; THE DEFENDANT DID, AT THE AFORESAID TIME AND PLACE, OPERATE A 1988 CHEVROLET CAPRICE BEARING STATE OF NEW YORK REGISTRATION DCR1845 WHILE IN AN INTOXICATED CONDITION FROM ALCOHOL. THIS IS BASED ON THE FACT THAT THE DEFENDANT HAD A STRONG ODOR OF AN ALCOHOLIC BEVERAGE ON HIS BREATH, RED WATERED EYES, SLURRED SPEECH AND IMPAIRED MOTOR COORDINATION. THE DEFENDANT ALSO FAILED FIELD SOBRIETY TESTS AND HAD A .11% BLOOD ALCOHOL CONTENT AS DETERMINED BY USE OF THE DATAMASTER. THE DEFENDANT HAS A PRIOR CONVICTION FOR DRIVING WHILE INTOXICATED WITHIN THE PAST TEN YEARS TO WIT; 04/23/2001. THE CONVICTION WAS OUT OF THE CITY OF NEWBURGH NEW YORK JUSTICE COURT. ALL CONTRARY TO THE PROVISIONS OF THE STATUTE IN SUCH CASE MADE AND PROVIDED.

THE ABOVE ALLEGATIONS OF FACT ARE MADE BY THE COMPLAINANT BASED UPON INFORMATION AND BELIEF WRITTEN STATEMENT FROM WITNESS COMPUTER TELEYTPE PRINTOUT FROM NYS DMV.

NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STATEMENT HEREIN

DATED _8-18-05_    SIGNED _Steph J. Bere_

## EXHIBIT B

OFFICER STEPHEN L BEREAN

JUSTICE COURT          : COUNTY OF ORANGE
TOWN OF NEW WINDSOR    : STATE OF NEW YORK

Case #: 05-01716

## ** FELONY INFO **

### THE PEOPLE OF THE STATE OF NEW YORK
- against -

FRED JR LOCKLARY (02/21/50)      1 MULLINS APT, NEWBURGH CITY NY

**Defendant**

OFFICER STEPHEN L BEREAN OF NEW WINDSOR POLICE DEPARTMENT, BEING DULY
SWORN, ACCUSES THE DEFENDANT NAMED ABOVE OF THE FOLLOWING OFFENSE COMMITTED
AT    RT 9W IN THE TOWN OF NEW WINDSOR, COUNTY OF ORANGE, STATE OF NEW YORK
ON THE SEVENTEENTH DAY OF AUGUST 2005 AT ABOUT 10:56PM:

AGGRAVATED UNLICENSED OPERATION OF A MOTOR VEHICLE 1ST DEG. (E FELONY)

IN VIOLATION OF SECTION 511-3 OF THE VEHICLE AND TRAFFIC LAW OF THE STATE OF
A PERSON IS GUILTY OF AGGRAVATED UNLICENSED OPERATION IN THE FIRST DEGREE
WHEN HE OPERATES A VEHICLE WHILE HIS PRIVILEDGE TO OPERATE IS SUSPENDED OR
REVOKED BY THE COMMISSIONER OF MOTOR VEHICLE FOR HAVING A CONVICTION
IN VIOLATION OF SECTION 1192-1, 1192-2, 1192-3 OR 1192-4 OF THE VEHICLE AND
TRAFFIC LAW OF THE STATE OF NEW YORK AND, AT THE TIME OF THE OPERATION, IS
INTOXICATED BY ALCOHOL OR DRUGS TO WIT; THE DEFENDANT DID, AT THE AFORESAID
TIME AND PLACE, OPERATE A 1988 CHEVROLET CAPRICE BEARING NY REGISTRATION
PLATES DCR1845 WHILE HIS LICENSE TO OPERATE WAS REVOKED FOR HAVING A
CONVICTION FOR DRIVING WHILE INTOXICATED ON 04-23-2001 OUT OF THE CITY OF
NEWBURGH NY JUSTICE COURT. THE DEFENDANT ALSO, AT THE TIME OF THE OPERATION,
WAS INTOXICATED FROM ALCOHOL AS HE HAD RED WATERED EYES, SLURRED SPEECH,
IMPAIRED MOTOR COORDINATION, A STRONG ODOR OF AN ALCOHOLIC BEVERAGE ON HIS
BREATH AND FAILURE TO PERFORM VARIOUS FIELD SOBRIETY TESTS. THE DEFENDANT
ALSO HAD A BLOOD ALCOHOL CONTENT OF .%11% AS DETERMINED BY THE DATAMASTER.
ALL CONTRARY TO THE PROVISONS OF THE STATUTE IN SUCH CASE MADE AND PROVIDED.

THE ABOVE ALLEGATIONS OF FACT ARE MADE BY THE COMPLAINANT BASED UPON
INFORMATION AND BELIEF WRITTEN STATEMENT FROM WITNESS COMPUTER TELETYPE
FROM THE NEW YORK STATE DMV.

**NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE
AS A CLASS A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STATEMENT HEREIN**

DATED  8-18-05        SIGNED  _Stephen J. Ber_

OFFICER STEPHEN L BEREAN

## NEW WINDSOR POLICE DEPARTMENT
## APPEARANCE TICKET

Case #: 05-01716                                    Event #: 05-13446

```
To:            LOCKLARY,FRED JR
Address:       1 MULLINS APT
City/State:    NEWBURGH CITY, NY  12550
```

You are hereby notified to appear personally in the:

**Town Court - Town of New Windsor, New York**
**555 Union Avenue**
**New Windsor, New York  12553**

on THURSDAY SEP 15, 2005 at 7:30 PM to answer the following charge(s):

| Offense | Law/Section | Date |
|---|---|---|
| DWI E-FELONY | VTL 1192-3(E-FEL) | 08/17/2005 |
| OPERATING A M.V. W/ .08 OF ONE % OR MO | VTL 1192-2 | 08/17/2005 |
| AGGRAVATED UNLICENSED OPERATION OF A M | VTL 511-3 | 08/17/2005 |
| PASSED RED LIGHT | VTL 1111-D1 | 08/17/2005 |
| NO INSURANCE | VTL 319-1 | 08/17/2005 |

Committed in: Town of New Windsor, County of Orange, State of New York.

Issued on this date: 08/18/2005

_____            _____
Officer's Signature                     Officer's Shield

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**N O T I C E : UPON YOUR FAILURE TO APPEAR AS ABOVE DIRECTED, A CRIMINAL**
**SUMMONS OR A WARRANT FOR YOUR ARREST MAY BE ISSUED.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PRE-ARRAIGNMENT BAIL RECEIPT

Pre-arraignment bail is fixed in the amount of: $ROR
receipt whereof is hereby acknowledged, and the person arrested herein
is released from custody to appear as herein directed.

**N O T I C E : If provision for bail is honored, official accepting bail**
**must fill out complete ticket only after receiving bail.**

_____        _____        _____
Authorized Officer's Signature      Rank              Shield

NEW WINDSOR POLICE DEPARTMENT

---

**LV 472830 1**

UT-3.6 (7/03)  New York State • Department of Motor Vehicles

**UNIFORM TRAFFIC TICKET**

U.S. DOT#-

POLICE AGENCY

Last Name (Defendant) Lockhart
First Name Fred

Number and Street 21 Williams Apt

City Newburgh
Apt. No.

Client ID Number

Police Agency NWPD

Description of Violation Aggravated unlic op.

IN VIOLATION OF NYS V&T Law
Sec 511 Sub 3A

YOU ARE HEREBY DIRECTED TO APPEAR IN THE COURT of Town of New Windsor

Address 555 Van Ave Avenue

City New Windsor State NY 12553

(Officer's Signature) Stephen S Brun

NO. (CP#) 05507
DIV/Troop
P.O./Trp ID# 4
Badge/Shield

Date ON 8 17 05 YEAR

A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law.

Upon conviction you may be subject to a mandatory surcharge in the amount

---

**LV 472829 0**

UT-3.6 (7/03)  New York State • Department of Motor Vehicles

**UNIFORM TRAFFIC TICKET**

U.S. DOT#-

POLICE AGENCY

Last Name (Defendant) Lockhart
First Name Fred

Number and Street 21 Williams Apt

City Newburgh
Apt. No.

Client ID Number

Police Agency NWPD

Description of Violation Driving with BAC .08 of more

IN VIOLATION OF NYS V&T Law
Sec 1192 Sub 2

YOU ARE HEREBY DIRECTED TO APPEAR IN THE COURT of Town of New Windsor

Address 555 Van Ave

City New Windsor State NY 12553

(Officer's Signature) Stephen S Brun

NO. (CP#) 05507
DIV/Troop
P.O./Trp ID# 4
Badge/Shield

Date ON 8 17 05 YEAR

A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law.

Upon conviction you may be subject to a mandatory surcharge in the amount

---

**LV 472827 5**

UT-3.6 (7/03)  New York State • Department of Motor Vehicles

**UNIFORM TRAFFIC TICKET**

U.S. DOT#-

POLICE AGENCY

Last Name (Defendant) Lockhart
First Name Fred

Number and Street 21 Williams Apt

City Newburgh
Apt. No.

Client ID Number

Police Agency NWPD

Description of Violation Passed Red Light

IN VIOLATION OF NYS V&T Law
Sec 1111 Sub D-1

YOU ARE HEREBY DIRECTED TO APPEAR IN THE COURT of Town of New Windsor

Address 555 Van Ave

City New Windsor State NY 12553

(Officer's Signature) Stephen S Brun

NO. (CP#) 05507
DIV/Troop
P.O./Trp ID# 4
Badge/Shield

Date ON 8 17 05 YEAR

A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law.

Upon conviction you may be subject to a mandatory surcharge in the amount

UT-3.6 (7/03)  New York State ● Department of Motor Vehicles

**UNIFORM TRAFFIC TICKET**

**LV 472828 6**

POLICE AGENCY

U.S. DOT#-

Last Name (Defendant) **Locklor** First Name **Fred**  M.I.

Number and Street **Newburgh**  Apt. No.

City **Newburgh** State **NY** Zip Code

Client ID Number

Lic. State **NY** Lic. Class **D** Lic. ID. **5016** Date Expires **3-08** Date of Birth **5-10-70** Sex **M** Com. Veh.

Reg. State **NY** Reg. Type **PAS** Reg. Exp. **10** Plate Type **PAS** Veh. Type **4** Bus Haz. Mat.

Vehicle Year/Make **DER** Veh. Color **0** Hwy Type **M**

ON **Rock Ave**

IN/DIV of/New Windsor CO. or

IN VIOLATION OF ☑ NYS V&T Law  ☐ Other Law

Sec. **192** Sub **3**

In connection with your alleged commission of the following offense committed on

Description of Violation **Driving While Intoxicated**

(Officer's Signature) *Stephen Bene*

YOU ARE HEREBY DIRECTED TO APPEAR IN THE

COURT **Town of New Windsor**

Village

Address **555 Union Avenue**

City **New Windsor** State **NY** Zip **12553**

ON **9-14** YEAR **05**

Officer's Last Name **Bene**  DIV/Troop

Badge/Shield **132** Sector/Station

MPH   IN   MPH Zone

Location Code **3607**

Offense Type ☐ Traffic Infraction  ☑ Misde-meanor

8-17-05

A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law.

Upon conviction you may be subject to a mandatory surcharge in the amount prescribed by law. Your failure to respond may result in a warrant for your arrest or suspension of your driver license and/or a default judgment against you.

---

UT-3.6 (7/03)  New York State ● Department of Motor Vehicles

**UNIFORM TRAFFIC TICKET**

**LV 472831 2**

POLICE AGENCY

U.S. DOT#-

Last Name (Defendant) **Locklor** First Name **Fred**  M.I.

Number and Street **Newburgh**  Apt. No.

City **Newburgh** State **NY** Zip Code

Client ID Number

Lic. State **NY** Lic. Class **D** Lic. ID. Date Expires **3-08** Date of Birth **5-10-70** Sex **M** Com. Veh.

Reg. State **NY** Reg. Type **PAS** Reg. Exp. Plate Type **PAS** Veh. Type **4** Bus Haz. Mat.

Vehicle Year/Make **DER** Veh. Color **0** Hwy Type **M**

ON **Rock Ave**

IN/DIV of/New Windsor Pkwy CO. or Orange

IN VIOLATION OF ☑ NYS V&T Law  ☐ Other Law

Sec. **319** Sub

In connection with your alleged commission of the following offense committed on

Description of Violation **No Financial Security**

(Officer's Signature) *Stephen Bene*

YOU ARE HEREBY DIRECTED TO APPEAR IN THE

COURT

Village

Address **555 Union Avenue**

City **New Windsor** State **NY** Zip **12553**

ON **9-14** YEAR **05**

Officer's Last Name **Bene**  DIV/Troop

Badge/Shield Sector/Station

MPH   IN   MPH Zone

Location Code **3607**

Offense Type ☐ Traffic Infraction  ☑ Misde-meanor

8-17-05

A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law.

Upon conviction you may be subject to a mandatory surcharge in the amount prescribed by law. Your failure to respond may result in a warrant for your arrest or suspension of your driver license and/or a default judgment against you.